Nathan Trawick, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; N.F.L. Films, Inc., Intervenor.

Argued October 3, 1979, before Judges ROGERS, DiSALLE and CRAIG, sitting as a panel of three.

*Alan L. Phillips,* for petitioner.

*James R. Redeker,* with him *Saul, Remick & Saul,* for intervenor.

OPINION BY JUDGE ROGERS, December 11, 1979:

This is the appeal of Nathan Trawick from a decision of the Unemployment Compensation Board of Review affirming a referee's decision denying him benefits on the ground that he was discharged from employment for willful misconduct as provided by Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Trawick was employed by N.F.L. Films, Inc. as a film technician for approximately one year. He was discharged from his employment on October 22, 1976 by a written notice, citing as causes his continued lateness for and absence from work and his asserted want of a proper sense of responsibility. When he applied for unemployment compensation benefits, Trawick alleged that his discharge was founded in discrimination against him on account of his race,

black. A referee conducted a hearing and denied benefits, finding that the appellant was discharged for an incident of lateness after repeated warnings and concluding that Trawick was guilty of willful misconduct. The referee refused to hear evidence concerning discrimination and made no finding on that issue. The Board affirmed the decision of the referee. By order without opinion we remanded the record to the Board for the taking of additional testimony and for reconsideration and a new decision. The Board appointed a hearing officer who conducted a second hearing, at which testimony was limited to the issue of discrimination. After reviewing the entire record, the Board found that the appellant was late for work or absent approximately sixty-one times in the five months preceding his discharge; that he received written and oral warnings that he could be discharged for his conduct; that a final instance of lateness prompted his discharge; and that the discharge was not founded on racial discrimination. The Board concluded that the appellant had been discharged because of his extensive record of absenteeism and tardiness and for no other reason. It again affirmed the referee's decision. This appeal followed.

Trawick first says that the Board's finding that his discharge was due to an extensive record of absenteeism and tardiness is not supported by substantial evidence, because one of the employer's exhibits, a summary of his attendance record prepared from the employer's time cards, is misleading and inaccurate. We disagree. Initially, even if we were to disregard the evidence to which the appellant now objects, the record contains substantial evidence to support the Board's findings. Trawick admitted the final instance of lateness that led to his discharge and further testified that he had been late on other

occasions as a result of oversleeping. John Mullen, the employer's business manager, testified to numerous instances of Trawick's lateness and absence and to the disruptions they caused in the employer's business. Two written warnings given to Trawick, citing specific instances of lateness and absence are in the record. With respect to Trawick's assertion that the attendance summary should not have been used as the basis for a finding concerning his attendance record because it was inaccurate, we note in the record that this document was admitted by agreement of his counsel, the same person who represents him in this appeal. The record further reveals that his counsel participated in the preparation of the attendance summary after objecting to other summaries sought to be introduced by the employer, and that both Trawick and his counsel had access to the time cards used in the preparation of the attendance summary. The Board can hardly be faulted for basing a finding on an exhibit so presented for its consideration.

Trawick finally says that the Board erred in failing to make findings on the issue of racial discrimination. This argument flies in the face of the plain language of the Board's decision.

> The Board of Review wishes to note that, based upon the record before it, it believes that the claimant was discharged for his extensive record of absenteeism and tardiness and for no other reason. The Board also wishes to note that, based upon the record before it, it can not and does not conclude that the claimant has substantiated his allegations of racial discrimination and animosity with credible evidence. We find no credible testimony in the lengthy record before us that the claimant was discriminated against on a racial basis.

Order affirmed.

614

AND Now, this 11th day of December, 1979, the decision of the Unemployment Compensation Board of Review is hereby affirmed.